10-2171-cv
Lewis v. Napolitano

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand eleven.

PRESENT:
>       JOHN M. WALKER, JR.,
>       PETER W. HALL,
>       DENNY CHIN,
> 		*Circuit Judges.*

---

NATHANIEL W. LEWIS,

>                *Plaintiff-Appellant,*

>       v.                                                No. 10-2171-cv

JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

>       *Defendant-Appellee.*[1]

---

FOR APPELLANT:                K.C. OKOLI, Law Offices of K.C. Okoli, P.C., New York, New York.

FOR APPELLEE:                 JOSEPH N. CORDARO, Assistant United States Attorney (Ross E. Morrison, Assistant United States Attorney, *of*

---

[1]  Secretary Napolitano is substituted for her predecessor in office, former Secretary Michael Chertoff, pursuant to Federal Rule of Appellate Procedure 43(c)(2).  The Clerk of Court is directed to amend the caption as shown above.

*counsel*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katz, *Magistrate Judge*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Nathaniel Lewis appeals from a final judgment of Magistrate Judge Katz of the United States District Court for the Southern District of New York entered on March 31, 2010, dismissing his employment discrimination complaint against his employer, United States Customs and Border Protection ("CBP"), a component of the Department of Homeland Security, following a trial on Lewis's claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.  The magistrate judge dismissed Lewis's complaint in part by granting CBP's motion for judgment as a matter of law on the ADEA claims and in remaining part after a jury verdict in favor of CBP on the Title VII claims.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Lewis argues that the jury verdict was against the weight of the evidence. Specifically, he contends there is no evidence in the record to support the jury's verdict that CBP did not engage in unlawful discrimination in passing over his application and promoting instead Richard Laman to the position of National Import Specialist.  Lewis did not move at the close of the evidence for judgment as a matter of law under Rule 50(a), nor did he move post-verdict for judgment as a matter of law under Rule 50(b).  As a result, Lewis has not preserved this issue,

2

and we will consider his challenge only if the magistrate judge indicated that a Rule 50 motion need not be filed, or "to prevent a manifest injustice in cases where a jury's verdict is wholly without legal support." *See Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 199 (2d Cir. 2004) (internal quotation marks omitted). Here, the magistrate judge did not relieve Lewis of his obligations under Rule 50, and there is no "manifest injustice," as the jury's verdict with respect to Richard Laman's merit-based promotion is supported by ample evidence in the record.

Lewis next contends for the first time on appeal that the magistrate judge erred in admitting certain testimony from Gwendolyn Holland and Robert Swierupski concerning the existence of the GS-13 selection register which CBP was unable to provide as evidence at trial. Because Lewis did not object to this testimony below, however, we consider this argument waived. *See, e.g., Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000) (holding that an argument not raised below is ordinarily waived). While we are permitted, even in the absence of objection, to "tak[e] notice of plain errors affecting substantial rights," Fed. R. Evid. 103(d), the magistrate judge committed no error, plain or otherwise, in allowing the testimony at issue. In fact, Lewis elicited similar testimony from Holland establishing the existence of the GS-13 selection register immediately before the magistrate judge's line of questioning revealed substantially the same answers Lewis now challenges on appeal.

Finally, Lewis asserts that the magistrate judge erred both in rejecting his proposed missing evidence instruction and in replacing it with a charge so tepid it did not amount to a missing evidence instruction. When a party wishes to object to the district court's jury instruction or the failure to give an instruction, Rule 51 mandates that the party "do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ.

P. 51(c)(1). When a party fails to object to a jury instruction in accordance with Rule 51, we may review the jury instruction only for "fundamental error." *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir. 2002) (internal quotation marks omitted). An error is considered fundamental "if it is so serious and flagrant that it goes to the very integrity of the trial." *Shade v. Hous. Auth. of New Haven*, 251 F.3d 307, 312 (2d Cir. 2001) (internal quotation marks omitted). "We have found relief from fundamental error to be warranted when the jury charge deprived the jury of adequate legal guidance to reach a rational decision." *Jarvis*, 283 F.3d at 62 (internal quotation marks omitted).

Although at the charge conference Lewis initially objected to the magistrate judge's rejection of a single paragraph of his proposed missing evidence instruction, following a colloquy concerning the need for such a charge the magistrate judge proposed his own instruction addressing the issue. Lewis not only agreed with this instruction at conference but also failed subsequently to object after the magistrate judge had instructed the jury and before deliberations. Because Lewis failed to object to the charge as given, we review the challenged instruction for fundamental error.

Undertaking that review, we conclude that even assuming Lewis was entitled to an adverse inference instruction based on CBP's failure to locate and introduce certain evidence at trial, the magistrate judge's charge was not so fundamentally flawed as to "deprive[] the jury of adequate legal guidance to reach a rational decision." *Id.* Rather, given Lewis's repeated reference to the missing evidence at trial and the speculative nature of the support it may have lent to his discrimination claims, the charge as given provided adequate guidance by permitting, but not requiring, the jury to draw reasonable inferences from the missing evidence in favor of either Lewis's or CBP's positions. Furthermore, the magistrate judge informed the jury that in

4

determining "whether to draw any inferences, [it] should consider whether the evidence that was not produced would merely have been duplicative of other evidence" already in the record and whether the admitted evidence supports or refutes the inferences the jury is being asked to draw. In light of the circumstances of this case, we hold that the magistrate judge's missing evidence instruction did not constitute fundamental error; the instruction instead provided reasonable guidance to the jury as it worked to reach a verdict and make sense of testimony and arguments about documents not admitted as evidence at trial.

We have considered Lewis's other contentions on this appeal and find them to be without merit. For the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk